Judge Whyte
pronounced the judgment of the court. The error assigned and relied upon ift this case is, that the circuit court charged the jury, “although the defendants were joint purchasers, at the sale of the articles for the price of which this suit is brought, yet the debt or claim for rent which Talbot had against Stephens could be admitted as a set off against the plaintiffs’ claim.”
This charge and opinion of the circuit judge is directly against the decision of the case of Blanks v. Smith and Anderson, in this court, at Charlotte, June Term, 1823. *259 It was there held that the claim of Smith, (one of the defendants,) could not be pleaded to the suit brought by Blanks on the claim of Anderson and Smith, as as-signee of Shelby, who was obligee or promisee in a note given by Anderson and Smith.(a) There a separate demand of one of the defendants, viz. Smith, was rejected as a set off to a joint demand. Here a separate demand of one of the defendants on Talbot, .is attempted to be rendered valid, as against a demand upon Talbot and Henly. The principle of that cause, to wit: the want of mutuality in the debts or .claims, exists in the present case, and all the reasons applicable to that case, are equally applicable to the one before the court. Upon a review of that case, we concur entirely in the decision therein given. We do not think it necessary to notice any of the other errors assigned, as this question appears to be the material one between the parties. The judgment of the circuit court must be reversed, and the cause remanded.
Judgment reversed.

 The case of Blanks vs. Smith and Anderson, is reported in Peek’s Rep. 186.